FILED
2017 Nov-28  PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ALLEGHENY CASUALTY COMPANY, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>SHELBY COUNTY, ALABAMA )<br>)<br>Defendant. ) | Case no.:_____ |

## COMPLAINT

COMES NOW Plaintiff Allegheny Casualty Company ("Allegheny") and files this Complaint against Defendant Shelby County, Alabama ("Shelby County") as follows:

## PARTIES

1. Allegheny is a New Jersey corporation with its principal place of business in Newark, New Jersey. Allegheny has at all relevant times conducted business in Alabama.

2. Shelby County is an Alabama county organized and governed by Title 11 of the Code of Alabama.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the action is between citizens of difference

1

states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Venue is proper pursuant to 20 U.S.C. § 1391(b)(2) because this is the district in which a substantial part of the events or omissions giving rise to the claim occurred.

**FACTS**

5. Allegheny is a bail bond surety and insurance company that contracts with state licensed bail bond agents nationwide. Alternative Justice Bail Bonding Agency, Inc. ("Alternative Justice") is a retail bail bonding entity that provides bail bond services directly to bail bond consumers in Alabama.

6. Allegheny contracted with Alternative Justice to act as a limited attorney-in-fact for the writing bail bonds in Alabama, including Shelby County.

7. On July 7, 2013, Venancio Lazaro ("Lazaro") was arrested and charged by the State of Alabama with a crime in Shelby County. Lazaro was held in custody by the Sheriff of Shelby County.

8. On July 12, 2014, Lazaro was released from the custody of the sheriff of Shelby County through the posting of a pretrial release bail bond by Alternative Justice. Alternative Justice posted the bond with the court for Lazaro to allow his pretrial release from custody pending trial. At this time, Alternative Justice was owned by Ralph Williams ("Williams") as its sole shareholder.

9. Lazaro was released directly into the custody of U.S. Citizenship and Immigration Services ("Immigration Services"). Neither Allegheny nor Alternative Justice were ever provided notice of Lazaro's release to Immigration Services. Immediately upon his release, Immigration Services began deportation proceedings against Lazaro resulting in his deportation to Mexico. Neither Allegheny nor Alternative Justice was ever provided notice of Lazaro's deportation.

10. As a result of his deportation, Lazaro did not appear for his trial in this Court. Lazaro's failure to appear caused a forfeiture proceeding to commence on the bond issued by Alternative Justice.

11. Notice of the Order of Conditional Bond Forfeiture ("Notice of Bond Forfeiture") was served on Alternative Justice on December 16, 2014. Allegheny was never served with the Notice of Bond Forfeiture, nor did Allegheny ever receive actual notice of the bond forfeiture proceeding. Because Allegheny was never served with notice of the order of conditional forfeiture of Lazaro's bond, it was never given the opportunity to show cause as to why the bond should not be forfeited.

12. The bond forfeiture was made final on November 17, 2015, and a judgment was entered against Alternative Justice (not Allegheny) in the amount of $125,000.00. Alternative Justice appealed this Court's judgment of forfeiture to

the Alabama Supreme Court, which affirmed this Court's order of final judgment of forfeiture without opinion.

13. Most notably, Allegheny never received notice of nor was it ever a party to any of the court proceedings or the appeal before the Alabama Supreme Court

14. The only judgment entered on the bond at issue in this action was entered against Alternative Justice, not Allegheny. No final judgment of forfeiture has ever been entered against Allegheny related to Lazaro.

15. On February 10, 2016, Shelby County's court administrator sent a letter to Allegheny attempting to collect on the final judgment of forfeiture entered against Alternative Justice. Allegheny has no legal obligation to satisfy the final judgment of forfeiture against Alternative Justice.

## COUNT I
## DECLARATORY JUDGMENT – FORFEITURE JUDGMENT APPLICABILITY TO ALLEGHENY

16. Allegheny incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

17. Allegheny was never provided the Notice of Bond Forfeiture of the bond or any subsequent forfeiture proceedings and was not a party to that litigation or the final judgment of forfeiture.

18. As a result, Allegheny has no liability to Shelby County or Alternative Justice or any other legal obligation to satisfy the final judgment of forfeiture.

19. Allegheny is, therefore, entitled to a declaratory judgment that it (1) is not a party to the forfeiture judgment, (2) has no liability to Shelby County or Alternative Justice to satisfy the forfeiture judgment to which they alone are parties, and (3) has no legal obligation to otherwise satisfy the forfeiture judgment.

WHEREFORE, premises considered, Allegheny requests the Court enter a declaratory judgment that it has no liability to satisfy the forfeiture judgment.

## COUNT II
## DECLARATORY JUDGMENT – NON-COMPLIANCE WITH PROCEDURAL REQUIREMENTS

20. Allegheny incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

21. Title 15 of the Code of Alabama sets forth certain procedures related to bond forfeitures. These procedures apply to the bond at issue in this action. Failure to comply with these procedures results in the discharge from all liability of the bail and mandates that any forfeiture judgment be set aside as to the surety.

22. Shelby County failed to satisfy the notice requirements of Title 15 by failing to provide Allegheny and Alternative Justice notice of Lazaro's release to Immigration Services.

23. Shelby County failed to satisfy the notice requirements of Title 15 by failing to provide Allegheny Notice of Bond Forfeiture .

24. Shelby County failed to satisfy the notice requirements of Title 15 by failing to give Allegheny the opportunity to show cause as to why the bond should not be forfeited.

25. As a result of Shelby County's failings, Allegheny is absolved of liability for any purported final judgment of forfeiture.

26. Allegheny is, therefore, entitled to a declaratory judgment that it has no liability to satisfy the final judgment of forfeiture.

WHEREFORE, premises considered, Allegheny requests the Court enter a declaratory judgment that it has no liability to satisfy the forfeiture judgment.

### JURY DEMAND

Allegheny demands a trial by jury or an advisory jury on all issues so triable.

Respectfully submitted this the 28th day of November 2017.

*/s/ A. Todd Campbell*
A. Todd Campbell
Cason M. Kirby
Counsel for Allegheny

**OF COUNSEL**

**CAMPBELL GUIN, LLC**
A. Todd Campbell
Cason M. Kirby
505 20th Street North, Suite 1600
Birmingham, Alabama 35203

Tel.:  (205) 633-0267
Fax.:  (205) 633-0367
todd.campbell@campbellguin.com
cason.kirby@campbellguin.com
www.campbellguin.com

## CERTIFICATE OF SERVICE

Please serve the following defendant by certified mail:

**Shelby County, Alabama**
200 West College Street
Columbiana, Alabama 35051

338133.6/CMK.cms